IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BMO HARRIS BANK N.A.                                                                            PLAINTIFF

v.                                    Case No. 6:16-cv-6118

ALTON BEAN TRUCKING, INC.
and GARY BEAN                                                                                  DEFENDANTS

## JUDGMENT

Before the Court is Plaintiff BMO Harris Bank N.A. ("Plaintiff")'s Motion for Default Judgment. (ECF No. 12). Defendants Alton Bean Trucking, Inc. ("ABT") and Gary Bean ("Bean") have not responded to the motion, and the time to do so has passed. On April 6, 2017, the Court held a hearing on Plaintiff's motion. (ECF No. 17). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On November 23, 2016, Plaintiff filed this lawsuit against ABT and Bean, alleging that ABT and Bean are in default under certain loan agreements and guaranties for failure to pay the amounts due thereunder, and seeking replevin, specific performance, injunctive relief, and breach-of-contract damages. Despite valid service of the complaint, ABT and Bean failed to file an answer or other responsive pleading. On April 4, 2017, the Clerk of Court entered default against ABT and Bean. (ECF No. 16). Plaintiff now asks the Court to render default judgment against ABT and Bean. (ECF No. 12).

## II. DEFAULT JUDGMENT

A district court may enter a default judgment when a party fails to appropriately respond in a timely manner. *See, e.g.*, *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997). If the court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). However, the court must ensure that "the unchallenged facts constitute a legitimate cause of action" prior to entering final judgment. *See Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010).

ABT entered into loan agreements (the "Agreements") with General Electric Capital Corporation ("GECC") in 2011, 2012, and 2013, and with GE Capital Commercial, Inc. in 2012 ("GE Commercial," and together with GECC, "GE Capital") for the purchase of certain tractors and trailers. The tractors and trailers identified in the Agreements served as collateral (collectively, the "Collateral"). ABT granted GE Capital a first-priority security interest in the Collateral, which GE Capital properly perfected by possessing the Certificates of Title. Bean guaranteed the past, present, and future performance of ABT under the Agreements, including the payment of all amounts owed (the "Guaranties").

Effective December 1, 2015, GE Capital transferred and assigned to Plaintiff all of their rights, titles, and interests in and to their accounts with ABT, including without limitation, the Agreements, the Guaranties, and GE Capital's security interest in the Collateral. Plaintiff is GE Capital's successor-in-interest with respect to all rights, claims, and interests related to ABT and Bean in this action. Thus, the Agreements are valid and fully enforceable contracts between Plaintiff and ABT.

Plaintiff performed all terms and conditions to be performed under the Agreements. ABT defaulted under the Agreements for its failure to pay the amounts due thereunder. Bean defaulted under the Guarantees for his failure to pay the amounts due under the Agreements and the Guarantees. The Agreements provide that, upon default, ABT is obligated to immediately turn over possession of the Collateral to Plaintiff. Plaintiff has recovered some, but not all, of the Collateral. The Agreements also provide that, upon default, Plaintiff is entitled to recover interest on all unpaid amounts; late charges and other fees; costs of retaking, holding, and disposing of the Collateral; and reasonable attorneys' fees and costs incurred in enforcing Plaintiff's rights.

The Court has read the pleadings and the papers on file and accordingly finds that Plaintiff has demonstrated sufficient facts to support legitimate causes of action against ABT and Bean.

### III. DAMAGES

After determining that a judgment by default should be entered, the Court should determine the amount and character of the recovery. Fed. R. Civ. P. 55(b)(2)(B); *see also Am. Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001) ("[W]hen a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.") (internal quotation marks omitted). Because the damages in this case were uncertain, the Court held a hearing to determine the appropriate recovery. At the hearing, Plaintiff's counsel presented the Court with an Affidavit of Indebtedness, as well as affidavits regarding attorneys' fees and costs.

**A. Collateral**

The Agreements provide that, upon default, ABT is obligated to immediately turn over to Plaintiff possession of the Collateral. Pursuant to the Agreements, upon default, Plaintiff has the right to "enter any premises where the [Collateral] may be without judicial process and take possession thereof." Certain Collateral has been returned to or repossessed by Plaintiff. The items have been liquidated and the net proceeds applied to the indebtedness owed. ABT continues to possess eleven units of Collateral ("the Retained Collateral"). The Retained Collateral includes the following:

| YEAR | MANUFACTURER | MODEL | DESCRIPTION | SERIAL NUMBER |
|---|---|---|---|---|
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5320ES448305 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5322ES448306 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5323ES448301 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5324ES448307 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5324ES448310 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5325ES448302 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5326ES448308 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5327ES448303 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5328ES448309 |
| 2014 | STOUGHTON | DRY VANS | Trailer | 1DW1A5329ES448304 |
| 2013 | INTERNATIONAL | PROSTAR | Tractor | 3HSDJSJR9DN463976 |

Under the Agreements, in the event of default by ABT: (1) ABT is obligated to return the Retained Collateral at its expense and to any location that Plaintiff directs; (2) Plaintiff is entitled to take possession of the Retained Collateral or direct ABT to remove it to a place deemed convenient by Plaintiff; and (3) Plaintiff is entitled to repossess and remove the Retained

Collateral, wherever located. Despite demand, ABT has failed to cure its defaults under the Agreements and has failed to return the Retained Collateral. The Retained Collateral depreciates and deteriorates as a result of its continued use by ABT, with no commensurate value being conferred to Plaintiff in the form of payments due and owing from ABT.

The Court finds that Plaintiff is entitled to immediate possession of all Collateral, including the Retained Collateral. This Default Judgment shall include an Order of Delivery that all Collateral, including the Retained Collateral, be returned and surrendered to Plaintiff. If not, the U.S. Marshall or Sherriff of the appropriate county shall assist Plaintiff in taking possession of the same.

### B. Interest, Late Charges, Repossession Fees, Attorneys' Fees and Costs

The Agreements also provide that, upon default, ABT is obligated to pay: (1) interest on all unpaid amounts at the rate of eighteen percent (18%) per annum or the maximum rate not prohibited by applicable law; (2) late charges and other fees due under the Agreements; (3) all expenses of retaking, holding, preparing for sale, and selling the Collateral; (4) reasonable attorneys' fees and costs incurred by Plaintiff in the enforcement of its rights, including this lawsuit. Calculated as of April 3, 2017, the amount due and owing under the Agreements, including accrued and unpaid interest and late fees, repossession fees, and other fees, but not including attorneys' fees, totals $613,505.59. Interest accrues on the principal amount at the rate of $286.37 *per diem*. The Court finds that Plaintiff is entitled to recover this amount.

The Court now turns to the sought-after attorneys' fees and costs. Plaintiff's affidavits indicate that as of March 31, 2017, local counsel, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.'s, fees and costs associated with this matter total $7,621.23. The affidavits also show that, of April 4, 2017, lead counsel, Reed Smith LLP's, fees and costs associated with this matter

5

total $15,546.01. Lead counsel's affidavit regarding attorneys' fees and costs stated that the fees charged were equal or below the reasonable, customary rate charged for similar work in Chicago, Illinois.[1]

In determining the reasonableness of an attorneys' fee award, a "district court [is] required to first calculate a lodestar, by multiplying the number of hours reasonably expended on litigation by a reasonable hourly rate, and to then consider whether the lodestar amount should be reduced, based on appropriate considerations." *Jones v. RK Enters. of Blytheville, Inc.*, 632 Fed. Appx. 306, 307 (8th Cir. 2016) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983)). A "reasonable" hourly rate is usually the ordinary rate for similar work in the community where the case has been litigated. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002). The United States Supreme Court has set forth twelve factors to be considered when making a lodestar determination: (1) time and labor required; (2) novelty and difficulty of the questions; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment, due to acceptance of case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3.

Although Plaintiff does not offer any evidence as to the prevailing rate in the community for services similar to those performed in this case, "courts may draw on their own experience and knowledge of prevailing market rates" in determining a reasonable rate. *Warnock v. Archer*, 397 F.3d 1024 (8th Cir. 2005). The Court has reviewed Plaintiff's affidavits regarding attorneys'

---

[1] The affidavit listed five lead-counsel attorneys as having billed time on this case: one billing 0.6 hours at a rate of $175.00/hour, one billing 0.8 hours at a rate of $185.00/hour, one billing 33.6 hours at a rate of $235/hour, one billing 0.5 hours at a rate of $370.00/hour, and one billing 8 hours at a rate of $370.00/hour.

fees and costs, and finds the sought-after amounts to be reasonable in Hot Springs, Arkansas, the community where this case was litigated, with exception of two lead-counsel attorneys who billed time at a rate of $370.00/hour. The Court finds that $370.00/hour is not a reasonable rate for similar work in the community where this case was litigated. Thus, the Court will reduce these two attorneys' billed rates to $300.00/hour, which the Court finds to be a reasonable rate.

Accordingly, the Court finds that Plaintiff is entitled to recover $14,951.01 for its lead counsel's reasonable attorneys' fees and costs, and $7,621.23 for its local counsel's reasonable attorneys' fees and costs, for a combined total of $22,572.24.

## IV. CONCLUSION

In light of ABT and Bean's default and the nature of Plaintiff's claims against them, the Court finds that Plaintiff's Motion for Default Judgment (ECF No. 12) should be and hereby is **GRANTED**. Accordingly, the Court orders as follows:

It is **ORDERED, ADJUDGED, AND DECREED** that BMO Harris Bank N.A. is entitled to default judgment and therefore have judgment against Alton Bean Trucking, Inc. and Gary Bean in the amount of $613,505.59 as of April 3, 2017, with pre-judgment interest to accrue at a rate of $286.37 *per diem* until judgment is entered, plus reasonable attorneys' fees and costs in the amount of $22,572.24 incurred in attempting to collect the indebtedness, for a total judgment amount of $636,077.83, with post-judgment interest continuing to accrue until judgment is paid in full.

It is further **ORDERED, ADJUDGED, AND DECREED** that Alton Bean Trucking, Inc. specifically perform its obligations under the Agreements and return or allow the removal of the Retained Collateral.

It is further **ORDERED, ADJUDGED, AND DECREED** that this Default Judgment shall constitute an Order of Delivery and Alton Bean Trucking, Inc. and Gary Bean shall deliver all Collateral, including the Retained Collateral, to BMO Harris Bank N.A. If not, the U.S. Marshall or appropriate Sheriff shall assist BMO Harris Bank N.A. in gaining possession.

It is further **ORDERED, ADJUDGED, AND DECREED** that any subsequent sale or disposition of the Collateral, including the Retained Collateral, shall be a credit to this judgment amount.

**IT IS SO ORDERED**, this 11th day of April, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge