IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BMO HARRIS BANK N.A.                                                                    PLAINTIFF

v.                                          Case No. 6:16-cv-6118

ALTON BEAN TRUCKING, INC.
and GARY BEAN                                                                          DEFENDANTS

## ORDER

Before the Court is Plaintiff BMO Harris Bank N.A.'s Motion for Compensatory Damages. (ECF No. 80). Defendants Alton Bean Trucking, Inc. ("ABT") and Gary Bean[1] have not responded and their time to do so has passed. *See* Local Rule 7.2(b). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On November 23, 2016, Plaintiff filed this action, alleging that Defendants were in default under certain loan agreements and guarantees. Plaintiff sought replevin, specific performance, injunctive relief, and damages for breach of contract. On April 4, 2017, the Clerk of Court entered default against Defendants. On April 11, 2017, the Court entered default judgment against Defendants, ordering, *inter alia*, that they must deliver all retained collateral to Plaintiff and, if not, the U.S. Marshal or a local sheriff could assist Plaintiff in gaining possession of the retained collateral.[2] On March 4, 2019, the Court granted Plaintiff's motion to reopen this case on the basis

---

[1] The parties have indicated that Defendant Gary Bean passed away prior to the initiation of this case. His son, Gary Bean Jr., has appeared before the Court in his sole capacity as ABT's president and corporate representative. Plaintiff has conceded that ABT is the only defendant in this case for present purposes. Although Plaintiff has not filed a motion to dismiss Defendant Bean from the action, the remainder of this order shall relate only to ABT.

[2] The parties' loan agreements identified certain tractors and trailers as collateral and granted Plaintiff a first-priority security interest in the same. As of April 11, 2017, nine trailers remained in Defendants' possession, one of which was later destroyed.

that ABT had not complied with the Court's judgment, despite being served with the same, and that some of the retained collateral remained in ABT's possession.

Following a series of contempt motions filed by Plaintiff and hearings on the same, the Court entered an order on June 27, 2019, holding ABT in civil contempt of court for violating the Court's April 11, 2017 judgment; the Court's April 4, 2019 contempt order; and the Court's May 6, 2019 show cause order. The Court gave ABT an opportunity to purge itself of contempt and avoid paying a coercive fine by gathering all eight trailers comprising the remaining retained collateral, in road-ready condition, at ABT's place of business in Amity, Arkansas, and relinquishing possession of them to Plaintiff by June 28, 2019. The Court also ordered Plaintiff to, within fourteen days of the date of that order, file a motion for attorneys' fees and costs incurred since the April 3, 2019 contempt hearing. Finally, the Court stated that after Plaintiff received the eight remaining trailers from ABT, Plaintiff could move for a determination of the amount of the trailers' depreciated value, if any, that should be awarded to Plaintiff as compensatory damages.

On July 2, 2019, ABT relinquished the retained collateral to Plaintiff as ordered. Plaintiff did not file a motion for attorneys' fees and costs by the Court-imposed deadline. On February 27, 2020, Plaintiff filed the instant motion for compensatory damages. Defendants have not responded to the motion.

## II. DISCUSSION

Plaintiff seeks the diminished value of the trailers for the period they were wrongfully possessed by ABT, in addition to attorneys' fees and costs incurred since April 3, 2019. Plaintiff states that, although all eight trailers have been held out for sale, it has only been able to sell four of them, for a total of $25,237.00. Plaintiff states that the remaining trailers have an appraised value of $51,400.00. Plaintiff requests the diminished value of the trailers, in the amount of

$77,403.00.[3] Plaintiff arrives at this number by taking the 2018 total average sale price of similar equipment, totaled at $154,040.00,[4] less the $25,237.00 Plaintiff received from selling four trailers and the $51,400.00 appraisal value of the four unsold trailers. In the absence of any opposition to the instant motion, the Court finds that Plaintiff is entitled to $77,403.00 in compensatory damages, representing the diminished value of the trailers.

Plaintiff also seeks $22,860.28 in attorneys' fees and costs incurred since the April 3, 2019 contempt hearing. As stated above, the Court ordered Plaintiff to move for fees and costs within fourteen days after entry of the Court's June 27, 2019 contempt order. (ECF No. 43, p. 10). However, Plaintiff did not move for fees and costs until it filed the instant motion on February 27, 2020. Plaintiff does not acknowledge this or explain why it failed to either move for fees and costs or for an extension of time to do so by July 11, 2019. Ordinarily, this would cause the Court to deny the request for fees and costs as untimely. However, Defendants have not responded to the instant motion, which is an independent basis for granting a request for non-dispositive relief. *See* Local Rule 7.2(f). The Court will award the requested fees and costs for that reason. Thus, the Court finds that Plaintiff is entitled to $22,860.28 in attorneys' fees and costs incurred since the April 3, 2019 contempt hearing.

---

[3] Plaintiff begins the motion by seeking $82,923.00 for the diminished value of the trailers, contending that it should receive compensatory damages dating back to 2017. However, on June 27, 2019, the Court determined that Plaintiff was entitled to compensatory damages for the diminished value of the trailers dating back to September 2018, when the record showed that Plaintiff first attempted to enforce the April 11, 2017 judgment against Defendants. (ECF No. 43, pp. 7-8). Plaintiff has not asked the Court to reconsider its June 27, 2019 order, nor would such a request likely be timely. *See Nelson v. Am. Home Assur. Co.*, 702 F.3d 1038, 1043 (8th Cir. 2012) (instructing that a motion to reconsider a nonfinal order should be analyzed under Federal Rule of Civil Procedure 60(b)); Fed. R. Civ. P. 60(c)(1) (providing that Rule 60(b) motions must be brought "within a reasonable time"). In any event, the Court declines to revisit its prior determination or award Plaintiff $82,923.00 for diminution of value dating back to 2017. Failing that, Plaintiff asks for $77,403.00 in compensatory damages, which is covered above.

[4] Plaintiff calculated this number by multiplying the 2018 average sale price of similar equipment, $19,945.00, by eight units of collateral.

### III.  CONCLUSION

For the above-stated reasons, the Court finds that Plaintiff's motion for compensatory damages (ECF No. 80) should be and hereby is **GRANTED IN PART AND DENIED IN PART**. Defendant shall pay Plaintiff $100,263.28, representing $77,403.00 in compensatory damages for the diminished value of the trailers and $22,860.28 in attorneys' fees and costs incurred since the April 3, 2019 contempt hearing.

With this issue resolved, the Court sees no immediate reason for this case to remain open. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED**, this 17th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge